NATIONAL PARK BANK OF NEW YORK v. AMERICAN EXCH. NAT. BANK.

(Supreme Court, Appellate Term.   May 5, 1904.)

1. BILLS AND NOTES — CHECKS — FRAUDULENT INDORSEMENTS — BURDEN OF PROOF.

In an action by a bank to recover against another bank the amount of checks paid by the former to the latter through the clearing house, on the ground that the indorsements on the checks were fraudulent and unauthorized, the burden of establishing the fraudulent and unauthorized character of the indorsements was on plaintiff.

2. SAME—EVIDENCE—SUFFICIENCY.

In an action by a bank to recover from another bank the amount of checks paid by the former to the latter through the clearing house, on the ground that the indorsements on the checks were fraudulent and made in the name of a firm by one who had no authority to sign the same for the firm, a verdict for plaintiff *held* against the weight of the evidence.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the National Park Bank of New York against the American Exchange National Bank. From a judgment for plaintiff, defendant appeals. Reversed.

See 83 N. Y. Supp. 249.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Butler, Notman, Joline & Mynderse (William H. Fain and Lewis H. Freedman, of counsel), for appellant.

Louis F. Doyle, for respondent.

GREENBAUM, J.   This action was brought to recover the sum of eighty dollars ($80), being the amount of two checks paid by the plaintiff to the defendant through the clearing house, the complaint alleging that the indorsements thereon were fraudulent, unauthorized, and not genuine.

The checks were made payable respectively to the Lincoln Insurance & Banking Company and the Commercial Insurance Company of Delaware, and were indorsed in the name of the payee by "Rothschild & Company, Agts.," under which indorsement appeared the name of "Henry Y. Miller." It was admitted that the firm of Rothschild & Co. had authority to indorse checks in the names of the several payees, and the only question litigated at the trial was whether Henry Y. Miller was a partner of the firm of Rothschild & Co., or had their authority to sign the checks. The only proof offered by the plaintiff bearing upon the question of Miller's authority was the deposition of Jacob Rothschild, who testified that he had but one partner, James R. Wilson, and that Miller bore no relation whatever to the firm of Rothschild & Co., and had no authority from that firm, or from either of the insurance companies, to indorse checks; and the deposition of James R. Wilson, Rothschild's partner, to the same effect; and of Charles O. Block, the vice president of the Commercial Insurance Company of Delaware, to the effect that Miller had no such authority

from the said company. It was also shown that the proceeds of the checks were never received by the companies. The defense produced Miller, who swore that he was a partner of Rothschild & Co., although not under any written articles, and three lawyers, who all swear to an admission made in their presence by Rothschild to the effect that Miller was a partner of his. The defense also produced one Charles S. Atkinson, who had taken out insurance in the Commercial Insurance Company of Delaware, and issued a check payable to that company in payment of the premium. Mr. Atkinson sent this check to Rothschild & Co. at their Philadelphia office, and the same was returned in a letter, stating that the check had been referred to Mr. Miller, their New York representative, and that it was "rather strange that you should send a remittance for a policy received through Mr. Miller to us, and would state right here that the company and ourselves decline to accept same, and we will instruct Mr. Miller if the matter is not promptly adjusted to cancel the policy for non-payment of premium. You have to make payment of this over to him or return policy." The check itself was offered in evidence, and upon it appears the same stamped indorsement "per Rothschild & Co., General Agents," in handwriting, the writing being the same as that on the checks involved in this action. All of the checks just referred to appear to have been deposited by Miller in his private account at the Mechanics' Trust Company.

This action was tried once before, and a judgment for the plaintiff upon practically the same proof was reversed by this court as against the weight of evidence. Although the plaintiff again succeeded before the jury, the case now made out by it seems, if anything, to be weaker than upon the first trial. The reasons which impel me to this conclusion are that upon this second trial the testimony of the three attorneys, apparently wholly disinterested persons, as to the alleged admissions of Rothschild with reference to the partnership with Miller, remains unattacked, although the same testimony was given on the first trial, and the plaintiff had ample opportunity to introduce evidence to contradict it. It was shown that Rothschild is a frequent visitor at New York, at least once or twice a week, and no reason is given for his absence from the trial. Moreover, while the letter from Rothschild & Co. to Mr. Atkinson, one of the defendant's witnesses, might be consistent with the contention that Miller was not a partner, but merely a representative, of Rothschild & Co., the return of the check to Miller by Rothschild & Co. and the indorsement thereon furnish strong proof that Miller had authority, even though not as a partner, to indorse checks on behalf of the Commercial Insurance Company. Inasmuch as the burden of establishing the fraudulent or unauthorized character of the indorsements is upon the plaintiff, I am of the opinion that the plaintiff failed to sustain that burden, and that the verdict is against the overwhelming weight of evidence.

Judgment should be reversed and a new trial ordered, with costs to abide the event.

LEVENTRITT, J., concurs. FREEDMAN, P. J., taking no part.